IRVING, J.,
for the Court:
¶ 1. On May 25, 1995, Galvin Patrice Wilson pleaded guilty to committing armed robbery with a knife. The lower court accepted the plea and sentenced him to twenty years in the custody of Mississippi Department of Corrections.
¶ 2. On September 16, 1997, Wilson filed a motion to vacate the judgment and sentence. In his motion, Wilson alleged (1) that his attorney never informed him that *1094 it was mandatory that his entire sentence had to be served without the benefit of parole, (2) that this failure to advise constituted ineffective assistance of counsel, (3) that at the plea hearing the trial judge advised him that he would have to serve the twenty year sentence day for day up to ten years, and (4) that upon arriving at the Mississippi Department of Corrections, he was informed that he was serving a twenty year mandatory sentence.
¶ 3. On March 19, 1998, the lower court denied relief. In the order overruling the motion, the lower court found (1) that Wilson’s allegations could not be substantiated or refuted by a formal hearing because his attorney was deceased, (2) that, based upon a review of the transcript of the guilty plea hearing, Wilson understood the maximum and minimum sentence, (3) that at the plea hearing, Wilson had acknowledged satisfaction with the service his attorney provided, and (4) that Wilson understood he would serve at least ten mandatory years without the benefit of any early release. Wilson did not appeal this order.
¶ 4. On November 2, 1998, Wilson filed a motion to correct and modify sentence, in which he again claimed that he was not told the full twenty years of his sentence would be mandatory. On July 8, 1999, the circuit court issued an order denying this motion. It is from the July 8, 1999 order that this appeal emanates.
¶ 5. In this appeal, Wilson contends that his guilty plea was not knowingly and voluntarily entered, that the trial judge erred in informing Wilson that at least ten years of the imposed twenty year sentence would be day for day, and that he was entitled to an evidentiary hearing. Finding no reversible error, we affirm.
Analysis of the Issues Presented
¶ 6. Pursuant to Miss.Code Ann. § 99-39-23(6) (Rev.2000), Wilson’s motion is procedurally barred as a successive writ, and we will not consider the merits of his appeal. The stated code section, which is a part of Mississippi’s Post-Conviction Relief Act, provides in pertinent part that “any order dismissing the prisoner’s motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter.” The record reflects that Wilson brought his initial motion for post-conviction relief on September 16, 1997. That motion was considered and denied by the circuit court on March 18, 1998. No timely appeal was taken from that order. Consequently, Wilson is barred from bringing a successive motion. See Sneed v. State, 722 So.2d 1255, 1257 (Miss.1998) (in which the Mississippi Supreme Court held that Sneed was barred from filing a successive post-conviction relief petition, where initial petition was considered and denied, and no timely appeal was taken).
¶ 7. Wilson’s motion is also time barred because it does not fall within the allotted three (3) year time limitation. Mississippi Code Ann. § 99-39-5(2) (Supp. 1998) states in part: “a motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” The final judgment on the conviction resulting in Wilson’s guilty plea was entered on May 25, 1995. The motion in question was not filed until November 2, 1998. Thus, Wilson’s motion is time barred.
¶8. It is apparent, as reflected in the transcript of the plea hearing and in the order denying relief, and quite doleful that the court-appointed counsel, as well as the trial judge, were not aware of the recent revision to the Mississippi Code (revised just months prior to the questioned events) which mandated that Wilson serve the entire twenty year sentence. Nevertheless, Wilson failed to properly bring the issue before the appellate court; instead, he filed an additional motion, which was inop *1095 erative as successive. The order of the trial court denying relief is affirmed.
¶ 9. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.